The following constitutes
the order of the court. Signed November 1, 2012

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                               Case No. 11-73207 MEH
HENRY ALLEN SANFORD and                                       Chapter 13
PATRICIA ANN SANFORD,
                    Debtors/

MEMORANDUM DECISION DENYING DEBTORS' OBJECTION TO CLAIM NO. 22 OF
WELLS FARGO BANK, N.A.

    Debtors, Henry and Patricia Sanford, obtained a deferral of property tax obligations for their residence in Harris County, Texas (the "Property").  Wells Fargo Bank, N.A.[1], holder of the note and deed of trust for the property, advanced payment for the deferred tax obligation and now asserts a secured claim for the advanced payment.  Debtors objected to Wells Fargo's claim.  The issue before this court is whether the nonpayment of taxes by Debtors – in reliance on the tax deferral – constitutes a breach of Debtors' obligations under the deed of trust that Wells Fargo was entitled to cure and for which it may now assert a claim.

---

[1] Wells Fargo Bank, N.A., successor by merger to Wachovia Mortgage, a Division of Wells Fargo Bank, N.A. and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Banks, FSB  ("Wells Fargo").

1

The court has subject matter jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(B). This decision constitutes the court's findings and conclusions pursuant to FRBP 7052.

I. Summary of Facts

In 2006, Debtors obtained a loan from Wells Fargo's predecessor, the repayment of which was secured by a Deed of Trust ("Deed of Trust") granting the lender a security interest in the Property.

The Debtors obtained a deferral of property tax obligations from Harris County, Texas on April 21, 2010, for 2010 property tax obligations. As a result of the deferral, Debtors property tax obligation is postponed until the Debtors no longer own or live in their home. Once either of these events occurs, Debtors tax obligations become immediately due, with 8% interest. Subsequent to the Debtors obtaining the property tax deferral, Wells Fargo advanced approximately $31,400 for property taxes.[2] Wells Fargo included the payment advanced for tax obligations in its secured claim filed in Debtors' chapter 13 case.

Wells Fargo asserts that the tax deferral constitutes a default under the following covenants in the Deed of Trust:

> Paragraph 2(A): "I [Borrower] will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any)."
> Paragraph 4: "I [Borrower] will pay all taxes, assessments and any other charges and fines that may be imposed on the property and that may be superior to this Security Instrument."
> Paragraph 7: "If . . . I [Borrower] do not keep my promises and agreements made in this Security Instrument, . . . then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include . . . Lender must give me notice before Lender may take any of these actions. . .

---

[2] The exact amount advanced is unclear. The proof of claim includes a claim made for escrow shortages of $31,491.06. The Escrow Breakdown filed by Wells Fargo as Exhibit 2, to Dkt. #77, indicates the escrow account is overdrawn by $34,081.55, of which $31,326.20 appear related to the taxes.

2

> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid."

II. Legal Analysis

A. Does the Tax Deferral Violate Debtor's Obligations Under the Deed of Trust?

In order to determine whether Debtors' reliance on the tax deferral is a breach of contract, I first examine the Deed of Trust. The Deed of Trust does not expressly address the effect of a tax deferral on the Debtors' obligations. Rather it includes two provisions requiring Debtors to pay all taxes necessary. In paragraph 2 of the Deed of Trust, the Debtors accepted the basic obligation to maintain Wells Fargo's security interest in a senior position, through payment of taxes, insurance premiums or other assessments. This obligation is then expanded in paragraph 4, to an obligation to keep the property free of taxes or other charges that may be imposed on the Property and that may be superior to Wells Fargo's interest. Paragraph 4 continues that any claim made against property becomes a lien when the obligation has not been fulfilled. The borrower then covenants to pay or satisfy all liens that may be superior, and provides a means for a borrower to dispute and defend against the lien.

There can be no dispute that a tax lien asserted by Harris County has priority over a consensual deed of trust. Tex. Tax Code § 32.05(b) (providing that a tax lien on real priority takes priority over the claim of any holder of a lien on property encumbered by the tax lien). As a result of the deferral, Debtors' tax obligation is not immediately due. But a "tax lien remains on the property and interest continues to accrue during the period collection of taxes is deferred." Tex. Tax Code § 33.06(d). So a tax lien is placed upon the Property and the Debtors' tax obligation is increased by 8% annually. Hence, the Debtor has not paid all taxes and allowed a lien to be placed on the Property superior to Wells Fargo's position.

3

Debtors assert that the failure to pay taxes based on the deferral is not a violation of the Deed of Trust because the obligation is not in default. It is merely postponed. This argument is not consistent with Paragraph 4. Paragraph 4 contains two obligations, a duty to keep current so as to avoid the imposition of any liens and a duty to promptly remove any superior liens. Both of these obligations are violated through the tax deferral: the Debtors have not paid all taxes imposed and a superior lien is placed against the Property and not satisfied. See also *Lyles v. Deutsche Bank Nat. Trust Co.*, 2011 WL 96591, at *3 (S.D. Tex. Jan. 11, 2011) and *Mechali v. CTX Mortgage Company*, 2011 WL 5006511, at *3-4 (E.D. Tex. Sept. 28, 2011), each finding the tax deferral to be a breach of similar contract terms.

On this basis, I find that the Debtors' deferral of taxes is a breach of their obligations to Wells Fargo as provided in the Deed of Trust.

B.  Is Wells Fargo Entitled to Assert a Claim for the Advanced Payment for Taxes?

Paragraph 7 of the Deed of Trust authorizes Wells Fargo to protect its rights in the Property by taking various actions and requiring payment from the Debtor. It further provides: "Lender must give me notice before Lender may take any of these actions." The Debtors assert that Wells Fargo did not provide it with notice prior to advancing payment for taxes. Wells Fargo has not disputed this point.

The question that follows is whether Wells Fargo's failure to provide notice prior to advancing prevents it from asserting a claim now. This is best addressed by considering the possible results had Wells Fargo provided advance notice. Assuming the Debtors responded and advised Wells Fargo of the tax deferral, Wells Fargo could have provided Debtors with a notice identifying the superior lien and requiring Debtors to pay the lien within 10 days of the notice. Deed of Trust ¶ 4. Had Debtors

4

failed to pay the taxes, then Wells Fargo could have provided a second notice and advanced the taxes. Deed of Trust ¶ 7. The end result would have been the parties' current positions, or the Debtors' could have satisfied the tax obligation previously. To the extent the payment advanced is equal to the tax obligation, there is no additional charge to Debtors beyond their original obligation. Further, Debtors' are now able to satisfy the tax obligation over the term of their Plan instead of the 10 days provided in the Deed of Trust. No harm occurred as a result of Wells Fargo's failure to provide notice and Wells Fargo is not denied its ability to assert a claim for the advanced tax payment based on its failure to provide prior notice.

C. Are the Debtors' Entitled to the Tax Deferral?

The statute providing for deferral of taxes provides that Debtors' are only entitled to the tax deferral so long as Debtors own and occupy the Property as a residence homestead. Tex. Tax Code § 33.06(a). In 2011, Debtors temporarily relocated to northern California in order to stay with family while Mr. Sanford underwent medical treatment. They were domiciled within the Northern District of California at the time of their filing and originally scheduled their residence within this District. During the course of litigation, Debtors' filed amended schedules clarifying their residence and domicile.

Based on the findings herein, this issue is moot and no determination is made.

III. Conclusion

The issue presented is a matter of contract interpretation specific to the terms of the Deed of Trust. The Deed of Trust does not expressly address a deferral of taxes. But I find that its covenants requiring payment of taxes and prohibiting imposition of any superior claims render the tax deferral a

5

breach of the Deed of Trust and Wells Fargo is thus entitled to assert a secured claim for the taxes advanced.

Wells Fargo is requested to submit a form of order, approved as to form by Debtors' counsel, setting forth the allowed amount of its secured claim in accordance with this memorandum decision.[3]

**END OF MEMORANDUM DECISION**

---

[3] I am unable to determine from Wells Fargo's proof of claim whether the monthly payment missed by the Debtors prepetition is $2,436.79 or $1,835.36.

COURT SERVICE LIST

All Recipients